FILED

2020 JUN 22  PM 12: 12

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FINJAN, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SONICWALL, INC., a Delaware Corporation,<br><br>Defendant. | Case No. 1:20MC0652 RP<br><br>Pending Action No. 5:17-cv-4467<br>United States District Court<br>Northern District of California |

**PLAINTIFF FINJAN, INC.'S EXPEDITED OPPOSED MOTION
TO COMPEL NONPARTY DELL, INC. TO COMPLY WITH
DOCUMENT AND DEPOSITION SUBPOENAS**

Pursuant to Rules 37 and Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Finjan, Inc. ("Finjan") seeks an order from the Court compelling non-party Dell, Inc. ("Dell") (former parent of Defendant) to produce documents and to make witnesses available for deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure in response to Finjan's subpoenas in the action *Finjan, Inc. v. SonicWall, Inc.*, Case No. 5:17-cv-04467 ("the *SonicWall* Litigation") currently pending in the Northern District of California. Declaration of Shannon Hedvat ("Hedvat Decl."), Ex. 1 (Document Subpoena); Ex. 2 (Deposition Subpoena). For the reasons stated below, Finjan requests expedited treatment of this motion. Fact discovery in the *SonicWall* Litigation is scheduled to close on July 31, 2020.

**I.   BACKGROUND**

In the *SonicWall* Litigation, Finjan filed a Complaint against Defendant SonicWall, Inc. ("SonicWall") for patent infringement. Federal courts, including the Court of Appeals for the Federal Circuit, have recognized Finjan as a pioneer in developing proactive security

1

technologies capable of detecting unknown and emerging computer security threats. Ex. 3 ("Complaint"), *SonicWall* Litigation, 5:17-cv-04467, Doc. 1 (N.D. Cal. Aug. 4, 2017), ¶ 7; *see, e.g.*, *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1304 (Fed. Cir. 2018). Finjan's innovative computer security technologies protect networks and endpoints by identifying unknown or previously undetected suspicious patterns and behaviors of content delivered over the Internet. Finjan has been awarded, and continues to prosecute, numerous patents covering innovations in the United States and around the world resulting directly from Finjan's more than decades-long research and development efforts, supported by a dozen inventors and over $65 million in R&D investments. *Id.*

Defendant SonicWall located in Northern California, manufactures and sells computer security products, including the Accused Products that Finjan asserts infringe its ten asserted patents ("Asserted Patents"). *See* Exs. 1-2, Attachment B; Ex. 3. Dell purchased SonicWall in 2012 for over $1 billion and then sold SonicWall and other assets to private equity firm, Francisco Partners and Elliott Management, in November 2016, as part of a deal that was reported to be worth $2.4 billion. Ex. 3, ¶ 44; Ex. 4 (https://www.franciscopartners.com/news/francisco-partners-earns-private-equity-firm-of-the-year-for-a-stellar-2016-that-included-buying-dell-s-software-group).

Finjan first provided notice to Dell/SonicWall that its products infringe the Asserted Patents in June 2014, while SonicWall was still a subsidiary of Dell. Ex. 3, ¶ 39. Finjan provided Dell and its SonicWall subsidiary with a series of disclosures, including patent proof charts demonstrating SonicWall's infringement of Finjan's patents. *Id.* Over the years, Finjan met with Dell/SonicWall multiple times explaining how its patents read on the Accused Products


and that a license is needed to practice Finjan's patented technologies. *Id.*, ¶¶ 39-44. These discussions continued after Dell's sale of SonicWall. *Id.*

Despite Finjan's consistent and earnest efforts from June 2014 to March 2017, Dell/SonicWall refused to take a license to Finjan's patents. *Id.*, ¶ 44. Unable to resolve its claim, and to protect its valuable intellectual property, Finjan filed the *SonicWall* Litigation in the Northern District of California on August 4, 2017. Ex. 3. Since March 2018, Finjan has made diligent efforts to obtain discovery from SonicWall on, among other issues, relevant sales revenues prior to the divesture of SonicWall and related valuations. Hedvat Decl., ¶¶ 2-3, Exs. 11-13 (*see, e.g.* Finjan's Requests for Production Nos. 20, 21, 41; Interrogatories Nos. 12, 14 and 15). Despite Finjan pressing SonicWall for discovery, SonicWall has stated that it has produced all the responsive information that Finjan seeks, such as complete revenue information for the Accused Products during the period of time SonicWall was a Dell subsidiary, and Finjan should take this issue up with Dell. *Id.*

Accordingly, after exhausting attempts to obtain this important discovery from SonicWall, Finjan served a subpoena for documents on Dell on March 13, 2020 and an amended subpoena for testimony on March 31, 2020, seeking discovery on a targeted list of topics highly relevant to the *SonicWall* Litigation. Ex. 1, Ex. 2 (collectively, "Subpoenas"). Dell responded, asserting boilerplate objections and refusing to produce any documents or make a witness available for deposition. Ex. 5 (3/27/20 Resp. to Document Subpoena), Ex. 6 (4/14/20 Resp. to Deposition Subpoena).

Since serving the Subpoenas, Finjan conferred with Dell on multiple occasions by telephone and e-mail, but Dell continued to refuse to provide any substantive response to the Subpoenas, contending that the discovery Finjan seeks is in the possession of SonicWall or is

publicly available, notwithstanding SonicWall's repeated representations that it does not have certain revenue and valuation information. Hedvat Decl., ¶¶ 2-3, 5; Ex. 7. On June 9, 2020, Finjan met and conferred again with SonicWall in an attempt to obtain revenue information from SonicWall and avoid bringing this motion to compel Dell, but SonicWall stated that it does not have any further information to produce, and Finjan should take up any issue with Dell. Hedvat Decl., ¶¶ 2-3. Fact discovery is scheduled to close July 31, 2020. Hedvat Decl., ¶ 4.

Finjan now brings this expedited motion to compel Dell to comply with the Subpoenas.

## II. ARGUMENT

Finjan respectfully requests this Court to compel Dell to provide responsive documents and testimony to Finjan's narrowly tailored Subpoenas because they seek information which is highly relevant to multiple claims in its patent infringement case with SonicWall and which is only in Dell's possession. *Kilmon v. Saulsbury Indus., Inc.*, No. MO:17-CV-99, 2018 WL 5800759, at *3 (W.D. Tex. Feb. 13, 2018) (Rule 45 requires that disputes related to non-party subpoenas be resolved locally to avoid imposing undue travel or expense burdens on non-parties who are challenging a subpoena).

Despite diligent efforts by Finjan to obtain the requested revenue and valuation information from SonicWall and then to negotiate a resolution with Dell to avoid motion practice, Finjan now is forced to bring this expedited motion to compel because discovery is set to close in the SonicWall action in a month and a half. Without relief from the Court, Finjan will continue to be ping-ponged between SonicWall and Dell, with each pointing at the other as the source for the revenue and valuation information for the accused SonicWall products and other highly relevant damages discovery. Dell received over $2 billion for the sale involving SonicWall and is in sole possession of the highly relevant information sought through discovery by Finjan, such that the Subpoenas Finjan served on Dell are proportionate to the needs of the

*SonicWall* Litigation and not unduly burdensome to Dell. Dell and SonicWall should not be allowed to hide relevant damages information and prevent Finjan from obtaining accurate accounting of infringing sales to support its damages claim.

A. **Finjan Seeks Highly Relevant and Targeted Discovery from Dell**

Finjan seeks targeted document production and deposition testimony from Dell that is highly relevant to the issues in the *SonicWall* Litigation, including:

- Revenue information for the Accused Products for the period of time Dell owned SonicWall, relevant to a reasonable royalty analysis for damages[1]. Ex. 1 at Request 13; Ex. 2 at Topic 8;

- Knowledge of Finjan and Finjan's patents, which is evidence of the importance of the asserted patents and SonicWall's willful infringement, given the former parent-subsidiary relationship between Dell and SonicWall. Ex. 1 at Requests 1, 15; Ex. 2 at Topics 1, 2, 9, 10.

- Dell's acquisition and subsequent sale of SonicWall, including its valuation of SonicWall and the products accused of infringement. This is evidence of the value of Accused Products and asserted patents in 2012 and 2016, and damages. Ex. 1 at Requests 2-14; Ex. 2 at Topics 3-7. [2]

- Corporate relationship between Dell and SonicWall, including any indemnification agreements related to the *SonicWall* litigation and Dell's relationship with Quest that could have had an impact on the price Dell received from their 2016 sale of Dell Software division[3], topics which are relevant to damages. Ex. 1 at Requests 15-17; Ex. 2 at Topics 9, 11-12.

B. **Finjan's Subpoenas Are Reasonable In Scope**

The scope of discovery allowed by a Rule 45 subpoena "is governed by Rule 26(b)," which permits discovery regarding "any non-privileged matter that is relevant to" Finjan's claims

---

[1] SonicWall produced some financial data for the Accused Products to Finjan, but it has failed to confirm that its production includes revenue information for the Dell-branded SonicWall Accused Products during the period of time when SonicWall was a subsidiary of Dell between 2012 and 2016. Hedvat Decl., ¶¶ 2-3.

[2] In an effort to streamline this motion to compel, Finjan has narrowed its Request for Production No. 14 as part of this motion, only seeking documents regarding the value of the Accused Products.

[3] In 2016, Dell sold Quest as part of the same transaction involving the sale of SonicWall. Ex. 9.

"and proportional to the needs of the case." *Zamora v. GC Services, LP,* EP-15-CV-00048-DCG, 2017 WL 1861843, at *3 (W.D. Tex. Feb. 17, 2017).

The district court considers six factors in determining whether a subpoena is reasonable and unduly burdensome, all of which favor granting Finjan's motion to compel in this case: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed. *Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 818 (5th Cir. 2004). Additionally, "[i]f the person to whom the document request is made is a non-party, the court may consider the expense and inconvenience," which, in this case, also falls in Finjan's favor, as discussed below. *Id.*

***Wiwa* Factors (1) and (2): Relevance and Need of the Party for the Documents and Deposition:** As set forth in Section II(A), each category of documents and deposition testimony requested by the Subpoenas are directed to discovery that is highly relevant to the issues in the *SonicWall* Litigation. Finjan diligently sought to obtain the requested revenue and valuation discovery from SonicWall, a party in the *SonicWall* litigation, who maintains it does not have the information. Hedvat Decl., ¶¶ 2-3.

Finjan is entitled to and seeks complete revenues of sales of the SonicWall infringing products during the 2012-2016 time period when Dell owned SonicWall and sold those products under the Dell brand, as this information is necessary to have an accurate accounting to identify the royalty base to calculate damages. *Georgia-Pacific Corp. v. U.S. Plywood Corp.,* 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (considering sales of infringing products in determination of the reasonable royalty). During the time that SonicWall was a subsidiary of Dell, the infringing products were sold as Dell branded products, e.g. Dell SonicWall SuperMassive Series *(see, e.g.,*

Ex. 8), and Finjan seeks relevant discovery to understand the amount of revenues and profits obtained from sale of the infringing products during that time, including what was obtained by Dell. *See Georgia-Pacific*, 318 F. Supp. at 1120.

Revenues of the accused SonicWall products that were sold by Dell are also highly relevant to Finjan's damages case because this information speaks to the impact on the commercial success, profitability, and selling price of the infringing products, including how Dell valued SonicWall around $1 billion in 2012 and then as part of a deal worth around $2.4 billion in 2016. *See, e.g., Georgia-Pacific Corp*, 318 F. Supp. 1116 (factor 8 (the profitability and commercial success of the product made under the patent), factor 12 (the portion of profit or selling price that is customary to be paid for the patent), which are used to reasonable royalty determine damages in patent infringement cases.

SonicWall has repeatedly stated that it does not have this discovery, and that Finjan should take this issue up with Dell. *See, e.g.,* Hedvat Decl., ¶¶ 2-3.

**Wiwa Factors (3), (4) and (5): Breadth of the Discovery Requested, Time Period Covered by the Request, and the Particularity with Which the Party Describes the Requested Documents and Deposition Topics**: Finjan served narrowly-tailored, specific document requests and deposition topics as to Dell's knowledge and information related to Finjan, the asserted patents, the infringing products, valuation of SonicWall, revenue information for the accused SonicWall products, and the corporate relationship between Dell and SonicWall—all topics that are directly relevant to the underlying *SonicWall* litigation and damages, as discussed above. Exs. 1-2. Finjan engaged in several meet and confers with Dell to discuss the particular discovery that is requested, and explained to Dell the relevance of the

requests.  Hedvat Decl., ¶ 5; Ex. 7.  Finjan informed Dell that it is limiting its discovery requests to a reasonable time frame, i.e., the 2012-2016 time period when Dell owned SonicWall.  *Id.*

***Wiwa* Factor (6): Burden, Expense, and Inconvenience**: The burden, expense and inconvenience imposed by the Subpoenas is proportional to the needs of the *SonicWall* Litigation, which is a complex patent litigation with ten asserted patents and Accused Products sold when SonicWall was a subsidiary of Dell.  *See* Exs 1, 2 at Attachment B.  Over the last several months, Finjan has given Dell more than ample time to consider the requests set forth in the Subpoenas, as it has made continuous and multiple efforts to meet and confer with both Dell and SonicWall.  Hedvat Decl., at ¶ 5; Ex.7.  Dell unilaterally limited its response to searching for and producing non-privileged documents solely regarding any internal "valuations" of the technology accused of infringement by Finjan in its lawsuit against SonicWall (for which it stated did not exist), and it has refused to make any reasonable efforts to search for and collect other documents responsive to Finjan's other relevant requests.  Ex. 7 (5/15 correspondence from Dell confirming that it will not search for materials outside of internal valuations of SonicWall).

To limit the burden and inconvenience to Dell, Finjan informed Dell that it was willing to meet and confer regarding the deposition subpoena after Dell's production of documents, but recently, Dell has outright refused any deposition based on its failure to reasonably search for responsive documents.  Ex. 7 (5/5 correspondence stating Finjan's intention upon Dell's production of documents, that the parties will meet and confer regarding Finjan's subpoena for a deposition; 5/20 Dell response).  Given the circumstances of the COVID-19 pandemic, Finjan intends to accommodate the witness as much as reasonably possible and conduct the deposition remotely by video at a location and time convenient to Dell before the close of fact discovery.  Hedvat Decl., ¶ 5.

### C.  Dell's Objections to Compliance are Without Merit

Dell's staunch refusal to attempt to comply with Finjan's focused Subpoenas are without merit, and contrary to established law. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii) ("a party may serve a subpoena commanding a nonparty "to whom it is directed to ... produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control."). Dell's objections consist of nearly identical boilerplate objections repeated as to every request and topic in the Subpoenas. *See* Ex. 5; Ex. 6. Dell's objections under Rule 45 are subject to "the same prohibition on general or boiler-plate [or unsupported] objections" that applies under Rule 34(b)(1), as well as to that Rule's "requirements that the objections must be made with specificity and that the responding party must explain and support its objections." *MetroPCS v. Thomas*, 327 F.R.D. 600, 607 (N.D. Tex. 2018) (quoting *Am. Fed'n of Musicians of the U.S. & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 57-59 (N.D. Tex. 2015)). Dell failed to do so.

For example, Dell claims every single request is overbroad (without explaining why), seeks publicly available documents (none of the requested discovery is publicly available), and discovery "equally available to Plaintiff or already in Plaintiff's custody or control" (which is incorrect), and asserts other vague boilerplate objections that are untethered to the discovery actually requested by the subpoena. Exs. 5-7.

Dell does not deny having the requested discovery, with the exception of documents reflecting the value of SonicWall. *See* Ex. 7 (5/15 Fulghum correspondence from Dell confirming that they will not search for materials outside of internal valuations of SonicWall); *see Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2016 WL 10827701, at *4 (N.D. Tex. Oct. 26, 2016) (overruling nonparty's objections to produce responsive documents by mere

disagreement with claims). It is simply incredible that Dell, a large publicly traded company, would purchase SonicWall for over $1 billion and then sell it as part of a deal for around $2.4 billion without have a single page of analysis regarding the value of the company or the ability to provide a witness to testify as to how Dell valued SonicWall during these transactions. Ex. 9.

As to the other categories of requested discovery, Dell's own public statements support SonicWall's representations that the relevant financial discovery is in Dell's possession. E.g., Ex. 10 (2013 Dell 10-K) at 54-56 ("During Fiscal 2013, servers and networking revenue increased 11%. This increase was primarily attributable to our Fiscal 2012 and Fiscal 2013 acquisitions of Force10 Networks, Inc., SonicWALL, and Quest Software, which are included in servers and networking revenue from their respective acquisition dates"). These public filings prove that Dell has data for the revenues generated by the accused SonicWall products.

In sum, Finjan is entitled to the fair and relevant discovery sought here. Dell has failed to provide any reasonable and specific objections that warrant denial of the motion to compel.

### III. CONCLUSION

For these reasons, Finjan respectfully requests the Court issue an Order compelling Dell to search for and produce all documents responsive to Finjan's Requests for Production Nos. 1-17 in the document subpoena and to provide a witness under Rule 30(b)(6) of the Federal Rules of Civil Procedure pursuant to Topics 1-12 in the subpoena for testimony. Since discovery closes in the underlying *SonicWall* litigation on July 31, 2020, Finjan requests the Court order Dell to produce documents responsive to Finjan's requests by July 1, 2020, and a deposition by July 15, 2020.

Dated: June 22, 2020

Respectfully submitted,

By: /s/ *John P. Palmer*
    John P. Palmer
    Texas Bar No. 15430600
    palmer@namanhowell.com
    Jacqueline P. Altman
    Texas Bar No. 24087010
    jaltman@namanhowell.com
    NAMAN, HOWELL, SMITH & LEE, PLLC
    400 Austin Avenue, 8th Floor
    Waco, Texas 76701
    (254) 755 4100
    FAX (254) 754 6331

    Hannah Lee (*pro hac vice* to be filed)
    KRAMER LEVIN NAFTALIS
    & FRANKEL LLP
    990 Marsh Road
    Menlo Park, CA 94025
    Telephone: (650) 752-1700
    Facsimile: (650) 752-1800
    hlee@kramerlevin.com

    Shannon Hedvat (*pro hac vice* to be filed)
    KRAMER LEVIN NAFTALIS
    & FRANKEL LLP
    1177 Avenue of the Americas
    New York, NY 10036
    Telephone: (212) 7793
    shedvat@kramerlevin.com

    *Attorneys for Plaintiff*
    FINJAN, INC.

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document has been served on the 22nd day of June, 2020, on all parties by the method indicated below:

*Via U.S. Postal Service and electronic mail:*

Roger Fulghum
Baker Botts
910 Louisiana Street
Houston, Texas 77002
Roger.Fulghum@BakerBotts.com
**Counsel for Dell, Inc.**


*Via electronic mail:*

Ronald M. Daignault
Polsinelli PC
600 Third Ave, 42nd Floor
New York, NY 10016
rdaignault@polsinelli.com

Colby Brian Springer
Margaux A. Savee
Hannah T. Yang
Polsinelli LLP
Three Embarcadero Center
Suite 2400
San Francisco, CA 94111
cspringer@polsinelli.com
msavee@polsinelli.com
hyang@polsinelli.com

Patrick S. Salceda
Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
psalceda@duanemorris.com

**Counsel for SonicWall, Inc.**

David C. Dotson
Jennifer H. Forte
Matthew C. Gaudet
Robin L. McGrath
Duane Morris LLP
1075 Peachtree Street, N.E.
Suite 2000
Atlanta, GA 30309-3448
dcdotson@duanemorris.com
jhforte@duanemorris.com
mcgaudet@duanemorris.com
rlmcgrath@duanemorris.com

Jarrad M. Gunther
Joseph A. Powers
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
jmgunther@duanemorris.com
japowers@duanemorris.com

By: */s/ John P. Palmer*
   John P. Palmer