# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

FINJAN, INC.,

                Plaintiff,

v.

SONICWALL, INC.,

                Defendant.

C.A. No. 5:17-CV-04467-BLF (VKD)

**THIRD PARTY DELL INC.'S RESPONSES AND OBJECTIONS TO
PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS,
INFORMATION, OR OBJECTS (NOS. 1–17)**

Pursuant to Federal Rule of Civil Procedure 45, and the Local Rules of the Court, Dell Inc.

("Dell") hereby serves the following Responses and Objections to Plaintiff Finjan, Inc.'s Subpoena

to Produce Documents, Information, or Objects (Nos. 1–17).

**GENERAL OBJECTIONS**

1.      Dell objects to Plaintiff's Subpoena, including the Definitions and Instructions

contained therein, to the extent that the subpoena purports to impose requirements or obligations

on Dell in addition to or different from those imposed by the Federal Rules of Civil Procedures or

the Local Rules of this Court.

2.      Dell objects to the specified time and place for production of documents in response

to Plaintiff's Subpoena. The time provided for production of documents is unreasonable in view

of the number of documents requested, the age of the documents that are the subject of the

subpoena, and the exigent circumstances within the United States due to the declared national

emergency related to COVID-19. To the extent Dell agrees to search for and produce certain

documents in response to any request, Dell will produce documents at a time and place mutually

agreed upon by Dell and Plaintiff.

3.     Dell objects to Plaintiff's Subpoena, including the Definitions therein, to the extent it seeks documents that are subject to the attorney–client privilege, work product doctrine, joint-defense doctrine, or any other applicable legal protection or privilege.

4.     Dell objects to Plaintiff's Subpoena for seeking discovery that: (a) is not proportional to the needs of the case; (b) is not relevant to any party's claims or defenses; (c) is unreasonably cumulative or duplicative; (d) has already been provided to Plaintiff or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (e) creates burden or expense outweighing any likely benefit; (f) is not restricted to any particular time frame; and/or (g) is overbroad.

5.     Dell objects to Plaintiff's Subpoena for seeking discovery that should be sought from a party to this lawsuit, or that is publicly available.

6.     Dell objects to Plaintiff's Subpoena for seeking discovery that would require disclosing a trade secret or other confidential research, development, or commercial information.

7.     Dell objects to Plaintiff's Subpoena for seeking discovery that is outside the possession, custody, or control of Dell; that is not kept in the ordinary course of Dell's business; that is equally available to Plaintiff; or that are publicly available.

8.     Dell objects to the definition of "You" or "Dell" in Plaintiff's Subpoena as vague and overbroad with respect to the inclusion of "predecessors in interest" or "successors in interest," and with respect to the inclusion of "servants, agents, attorneys, consultants, partners, associates, investigators, representatives, accountants, financial advisors, distributors, and any other person acting on their behalf (individually or collectively), pursuant to its authority, or subject to its control, including any and all joint ventures or other legal entities of any type whatsoever in which

2

Dell Technologies Inc. owns or owned any interest, receives or received any payments, and/or participated or now participates in any manner."

9.     Dell objects to the definition of "Quest" in Plaintiff's Subpoena as vague and overbroad with respect to the inclusion of "predecessors in interest" or "successors in interest," and with respect to the inclusion of "servants, agents, attorneys, consultants, partners, associates, investigators, representatives, accountants, financial advisors, distributors, and any other person acting on their behalf (individually or collectively), pursuant to its authority, or subject to its control, including any and all joint ventures or other legal entities of any type whatsoever in which Quest owns or owned any interest, receives or received any payments, and/or participated or now participates in any manner."

10.     Dell objects to the definition of "Defendant" and "SonicWall" in Plaintiff's Subpoena as vague and overbroad with respect to the inclusion of the following: "all entities that it acquired or are affiliated in the past or present with SonicWall"; "predecessors in interest, successors in interest"; and "servants, agents, attorneys, consultants, partners, associates, investigators, representatives, accountants, financial advisors, distributors, and any other person acting on its behalf, pursuant to its authority, or subject to its, control, including any and all joint ventures or other legal entities of any type whatsoever in which SonicWall owns or owned any interest, receives or received any payments, and/or participated or now participates in any manner."

11.     Dell objects to the definition of "Finjan" in Plaintiff's Subpoena as vague and overbroad with respect to the inclusion of "predecessors in interest," or "successors in interest," and with respect to the inclusion of "servants, agents, attorneys, consultants, partners, associates,

investigators, representatives, accountants, financial advisors, distributors and any other person acting on its behalf, pursuant to its authority or subject to its control."

12.     Dell objects to the definition of "[t]he terms 'relate to,' 'reflecting,' 'relating to,' 'concerning,' or any variations thereof" in Plaintiff's Subpoena as vague and overbroad with respect to its inclusion of "relating to, referring to, concerning, mentioning, reflecting, regarding, pertaining to, evidencing, involving, describing, discussing, commenting on, embodying, responding to, supporting, contradicting, or constituting (in whole or in part), or are between (as in the context of communications), as the context makes appropriate."

13.     Dell incorporates by reference each of the foregoing objections into the specific objections and responses set forth below.  While Dell may repeat one or more of the foregoing objections for emphasis or some other reason, the failure to specifically refer to or repeat any of the foregoing objections does not constitute a waiver of any sort.  Moreover, subject to the requirements of Federal Rules of Civil Procedure, Dell reserves the right to alter or amend their objections set forth herein as additional facts are ascertained and analyzed.

14.     By stating in response to a request that Dell will search for and produce certain documents, Dell makes no representation that any such documents exist.  Dell's searches for documents are ongoing.  In the event Dell's searches for documents reveal privileged documents that Dell would otherwise produce, Dell will provide in due course a log identifying such documents as being withheld on the basis of a privilege claim.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

All Documents and Communications regarding Finjan, its patents, products, or its technology.

### RESPONSE TO REQUEST NO. 1:

Dell objects to this request because it would subject Dell to an undue burden and the request is overbroad. With respect to burden, the request is not limited in time, and the request calls for publicly available documents equally available to Plaintiff or already in Plaintiff's custody or control. Dell objects to this request for seeking "All Documents and Communications regarding" this topic, which is inherently overbroad and would include privileged attorney-client communications. Dell objects to this request for seeking documents covered by or subject to the attorney–client privilege, and/or the work product doctrine. Dell further objects to this request because the request is not calculated to lead to admissible evidence and seeks discovery that is not proportional to needs of case. In particular, Dell is not a party and no Dell products or services are accused of infringement in this lawsuit. Any non-privileged documents concerning Finjan that are relevant to Finjan's allegations against SonicWall are in the possession of SonicWall or Finjan and should be provided by either. On the basis of the foregoing objections, Dell will not search for or produce documents in response to this request.

### REQUEST NO. 2:

All Documents and Communications regarding the acquisition of Dell Software Group and spin out of SonicWall. See, e.g.,

https://www.businesswire.com/news/home/20161101005598/en/SonicWall-Announces-Spin-Dell-Software-Group-%E2%80%93 and https://www.sonicwall.com/news/sonicwall-announces-spin-out-from-dell-software-gr/.

## RESPONSE TO REQUEST NO. 2:

Dell objects to this request because it would subject Dell to an undue burden and the request is overbroad. With respect to burden, the request is not limited in time, and the request calls for publicly available documents equally available to Plaintiff or already in Plaintiff's custody or control. Dell objects to this request for seeking "All Documents and Communications regarding" this topic, which is inherently overbroad and would include privileged attorney-client communications. Dell objects to this request for seeking documents covered by or subject to the attorney–client privilege, and/or the work product doctrine. Dell further objects to this request because the request is not calculated to lead to admissible evidence and seeks discovery that is not proportional to needs of case. In particular, Dell is not a party and no Dell products or services are accused of infringement in this lawsuit. Any non-privileged documents concerning SonicWall, including its spinout from Dell, that are relevant to Finjan's allegations against SonicWall are in the possession of SonicWall and should be provided by SonicWall. On the basis of the foregoing objections, Dell will not search for or produce documents in response to this request.

## REQUEST NO. 3:

All Documents and Communications regarding the terms and purchase price of the acquisition of Dell Software Group and spin out of SonicWall, and how such terms and purchase price were determined.

**RESPONSE TO REQUEST NO. 3:**

Dell objects to this request because it would subject Dell to an undue burden and the request is overbroad. With respect to burden, the request is not limited in time, and the request calls for publicly available documents equally available to Plaintiff or already in Plaintiff's custody or control. Dell objects to this request for seeking "All Documents and Communications regarding" this topic, which is inherently overbroad and would include privileged attorney-client communications. Dell objects to this request for seeking documents covered by or subject to the attorney–client privilege, and/or the work product doctrine. Dell further objects to this request because the request is not calculated to lead to admissible evidence and seeks discovery that is not proportional to needs of case. In particular, Dell is not a party and no Dell products or services are accused of infringement in this lawsuit. Any non-privileged documents concerning SonicWall, including its spinout from Dell, that are relevant to Finjan's allegations against SonicWall are in the possession of SonicWall and should be provided by SonicWall. On the basis of the foregoing objections, Dell will not search for or produce documents in response to this request.

**REQUEST NO. 4:**

All Documents and Communications regarding the acquisition of SonicWall by Dell including all related negotiations and agreements. See e.g., https://www.dell.com/learn/us/en/uscorpl/secure/2012-05-09-dell-acquisition-sonicwall.

**RESPONSE TO REQUEST NO. 4:**

Dell objects to this request because it would subject Dell to an undue burden and the request is overbroad. With respect to burden, the request is not limited in time, and the request calls for publicly available documents equally available to Plaintiff or already in Plaintiff's custody or control. Dell objects to this request for seeking "All Documents and Communications regarding"

this topic, which is inherently overbroad and would include privileged attorney-client communications. Dell objects to this request for seeking documents covered by or subject to the attorney–client privilege, and/or the work product doctrine. Dell further objects to this request because the request is not calculated to lead to admissible evidence and seeks discovery that is not proportional to needs of case. In particular, Dell is not a party and no Dell products or services are accused of infringement in this lawsuit. Any non-privileged documents concerning SonicWall, including SonicWall's acquisition by Dell, that are relevant to Finjan's allegations against SonicWall are in the possession of SonicWall and should be provided by SonicWall. On the basis of the foregoing objections, Dell will not search for or produce documents in response to this request.

**REQUEST NO. 5:**

All Documents and Communications regarding the terms and purchase price of the acquisition of SonicWall, and how such terms and purchase price were determined.

**RESPONSE TO REQUEST NO. 5:**

Dell objects to this request because it would subject Dell to an undue burden and the request is overbroad. With respect to burden, the request is not limited in time, and the request calls for publicly available documents equally available to Plaintiff or already in Plaintiff's custody or control. Dell objects to this request for seeking "All Documents and Communications regarding" this topic, which is inherently overbroad and would include privileged attorney-client communications. Dell objects to this request for seeking documents covered by or subject to the attorney–client privilege, and/or the work product doctrine. Dell further objects to this request because the request is not calculated to lead to admissible evidence and seeks discovery that is not proportional to needs of case. In particular, Dell is not a party and no Dell products or services

are accused of infringement in this lawsuit. Any non-privileged documents concerning SonicWall, including SonicWall's acquisition by Dell, that are relevant to Finjan's allegations against SonicWall are in the possession of SonicWall and should be provided by SonicWall. On the basis of the foregoing objections, Dell will not search for or produce documents in response to this request.

**REQUEST NO. 6:**

All Documents and Communications regarding a breakdown of the value of each SonicWall asset, including of SonicWall Products, technology, patents, trademarks, customer relationships and other intangible assets, that were the subject of diligence by You or a third party.

**RESPONSE TO REQUEST NO. 6:**

Dell objects to this request because it would subject Dell to an undue burden and the request is overbroad. With respect to burden, the request is not limited in time, and the request calls for publicly available documents equally available to Plaintiff or already in Plaintiff's custody or control. Dell objects to this request for seeking "All Documents and Communications regarding" this topic, which is inherently overbroad and would include privileged attorney-client communications. Dell objects to this request for seeking documents covered by or subject to the attorney–client privilege, and/or the work product doctrine. Dell further objects to this request because the request is not calculated to lead to admissible evidence and seeks discovery that is not proportional to needs of case. In particular, Dell is not a party and no Dell products or services are accused of infringement in this lawsuit. Any valuation that Dell, a non-party, placed on the assets of SonicWall has no bearing on any dispute between Finjan and SonicWall. Any documents concerning SonicWall, including SonicWall's acquisition by Dell, that are relevant to Finjan's allegations against SonicWall are in the possession of SonicWall and should be provided by

9

SonicWall.  Subject to the foregoing objections and the General Objections, Dell will search for and produce non-privileged documents in Dell's possession that are sufficient to show Dell's internal valuation of the technology accused of infringement by Finjan in its lawsuit against SonicWall.

## REQUEST NO. 7:

All Documents and Communications regarding internal and external valuations of SonicWall and/or SonicWall Products.

## RESPONSE TO REQUEST NO. 7:

Dell objects to this request because it would subject Dell to an undue burden and the request is overbroad.  With respect to burden, the request is not limited in time, and the request calls for publicly available documents equally available to Plaintiff or already in Plaintiff's custody or control.  Dell objects to this request for seeking "All Documents and Communications regarding" this topic, which is inherently overbroad and would include privileged attorney-client communications.  Dell objects to this request for seeking documents covered by or subject to the attorney–client privilege, and/or the work product doctrine.  Dell further objects to this request because the request is not calculated to lead to admissible evidence and seeks discovery that is not proportional to needs of case.  In particular, Dell is not a party and no Dell products or services are accused of infringement in this lawsuit.  Any valuation that Dell, a non-party, placed on the assets of SonicWall has no bearing on any dispute between Finjan and SonicWall.  Any documents concerning SonicWall, including SonicWall's acquisition by Dell, that are relevant to Finjan's allegations against SonicWall are in the possession of SonicWall and should be provided by SonicWall.  Subject to the foregoing objections and the General Objections, Dell will search for and produce non-privileged documents in Dell's possession that are sufficient to show Dell's

internal valuation of the technology accused of infringement by Finjan in its lawsuit against SonicWall.

**REQUEST NO. 8:**

All Documents and Communications regarding Your opinions, considerations, and analysis that drove the decisions to acquire SonicWall.

**RESPONSE TO REQUEST NO. 8:**

Dell objects to this request because it would subject Dell to an undue burden and the request is overbroad. With respect to burden, the request is not limited in time, and the request calls for publicly available documents equally available to Plaintiff or already in Plaintiff's custody or control. Dell objects to this request for seeking "All Documents and Communications regarding" this topic, which is inherently overbroad and would include privileged attorney-client communications. Dell objects to this request for seeking documents covered by or subject to the attorney–client privilege, and/or the work product doctrine. Dell further objects to this request because the request is not calculated to lead to admissible evidence and seeks discovery that is not proportional to needs of case. In particular, Dell is not a party and no Dell products or services are accused of infringement in this lawsuit. Any non-privileged documents concerning SonicWall, including SonicWall's acquisition by Dell, that are relevant to Finjan's allegations against SonicWall are in the possession of SonicWall and should be provided by SonicWall. On the basis of the foregoing objections, Dell will not search for or produce documents in response to this request.

**REQUEST NO. 9:**

All Documents and Communications regarding Your opinions, considerations, and analysis that drove the decisions to acquire Dell Software Group and to spin out SonicWall.

**RESPONSE TO REQUEST NO. 9:**

Dell objects to this request because it would subject Dell to an undue burden and the request is overbroad.  With respect to burden, the request is not limited in time, and the request calls for publicly available documents equally available to Plaintiff or already in Plaintiff's custody or control.  Dell objects to this request for seeking "All Documents and Communications regarding" this topic, which is inherently overbroad and would include privileged attorney-client communications.  Dell objects to this request for seeking documents covered by or subject to the attorney–client privilege, and/or the work product doctrine.  Dell further objects to this request because the request is not calculated to lead to admissible evidence and seeks discovery that is not proportional to needs of case.  In particular, Dell is not a party and no Dell products or services are accused of infringement in this lawsuit.  Any non-privileged documents concerning SonicWall, including its spinout from Dell, that are relevant to Finjan's allegations against SonicWall are in the possession of SonicWall and should be provided by SonicWall.  On the basis of the foregoing objections, Dell will not search for or produce documents in response to this request.

**REQUEST NO. 10:**

All Documents and Communications regarding the SonicWall Products.

**RESPONSE TO REQUEST NO. 10:**

Dell objects to this request because it would subject Dell to an undue burden and the request is overbroad.  With respect to burden, the request is not limited in time, and the request calls for publicly available documents equally available to Plaintiff or already in Plaintiff's custody or control.  Dell objects to this request for seeking "All Documents and Communications regarding" this topic, which is inherently overbroad and would include privileged attorney-client communications.  Dell objects to this request for seeking documents covered by or subject to the

attorney–client privilege, and/or the work product doctrine.  Dell further objects to this request because the request is not calculated to lead to admissible evidence and seeks discovery that is not proportional to needs of case.  In particular, Dell is not a party and no Dell products or services are accused of infringement in this lawsuit.  Any documents concerning Finjan that are relevant to Finjan's allegations against SonicWall are in the possession of SonicWall and should be provided by SonicWall.  On the basis of the foregoing objections, Dell will not search for or produce documents in response to this request.

## REQUEST NO. 11:

All Documents and Communications regarding the role of SonicWall's security technologies, products, and/or patents in Dell's acquisition of SonicWall.

## RESPONSE TO REQUEST NO. 11:

Dell objects to this request because it would subject Dell to an undue burden and the request is overbroad.  With respect to burden, the request is not limited in time, and the request calls for publicly available documents equally available to Plaintiff or already in Plaintiff's custody or control.  Dell objects to this request for seeking "All Documents and Communications regarding" this topic, which is inherently overbroad and would include privileged attorney-client communications.  Dell objects to this request for seeking documents covered by or subject to the attorney–client privilege, and/or the work product doctrine.  Dell further objects to this request because the request is not calculated to lead to admissible evidence and seeks discovery that is not proportional to needs of case.  In particular, Dell is not a party and no Dell products or services are accused of infringement in this lawsuit.  Any documents concerning SonicWall, including SonicWall's acquisition by Dell, that are relevant to Finjan's allegations against SonicWall are in

13

the possession of SonicWall and should be provided by SonicWall.  On the basis of the foregoing objections, Dell will not search for or produce documents in response to this request.

**REQUEST NO. 12:**

All  Documents  and  Communications  regarding  the  role  of  SonicWall's  security technologies, products, and/or patents in the acquisition of Dell Software Group and spin out of SonicWall.

**RESPONSE TO REQUEST NO. 12:**

Dell objects to this request because it would subject Dell to an undue burden and the request is overbroad.  With respect to burden, the request is not limited in time, and the request calls for publicly available documents equally available to Plaintiff or already in Plaintiff's custody or control.  Dell objects to this request for seeking "All Documents and Communications regarding" this  topic,  which  is  inherently  overbroad  and  would  include  privileged  attorney-client communications.  Dell objects to this request for seeking documents covered by or subject to the attorney–client privilege, and/or the work product doctrine.  Dell further objects to this request because the request is not calculated to lead to admissible evidence and seeks discovery that is not proportional to needs of case.  In particular, Dell is not a party and no Dell products or services are accused of infringement in this lawsuit.  Any valuation that Dell, a non-party, placed on the assets of SonicWall has no bearing on any dispute between Finjan and SonicWall.  Any documents concerning SonicWall, including SonicWall's acquisition by Dell, that are relevant to Finjan's allegations against SonicWall are in the possession of SonicWall and should be provided by SonicWall.  Subject to the foregoing objections and the General Objections, Dell will search for and produce non-privileged documents in Dell's possession that are sufficient to show Dell's

internal valuation of the technology accused of infringement by Finjan in its lawsuit against SonicWall.

**REQUEST NO. 13:**

All Documents and Communications regarding past, present, and future projected gross bookings, revenues, profits, market share, customers, distributors, or channel partners for SonicWall Products.

**RESPONSE TO REQUEST NO. 13:**

Dell objects to this request because it would subject Dell to an undue burden and the request is overbroad.  With respect to burden, the request is not limited in time, and the request calls for publicly available documents equally available to Plaintiff or already in Plaintiff's custody or control.  Dell objects to this request for seeking "All Documents and Communications regarding" this topic, which is inherently overbroad and would include privileged attorney-client communications.  Dell objects to this request for seeking documents covered by or subject to the attorney–client privilege, and/or the work product doctrine.  Dell further objects to this request because the request is not calculated to lead to admissible evidence and seeks discovery that is not proportional to needs of case.  In particular, Dell is not a party and no Dell products or services are accused of infringement in this lawsuit.  Any documents concerning Finjan that are relevant to Finjan's allegations against SonicWall are in the possession of SonicWall and should be provided by SonicWall.  On the basis of the foregoing objections, Dell will not search for or produce documents in response to this request.

**REQUEST NO. 14:**

All Documents and Communications regarding the functionality, operation, technologies, value, or benefits of the SonicWall Products.

**RESPONSE TO REQUEST NO. 14:**

Dell objects to this request because it would subject Dell to an undue burden and the request is overbroad. With respect to burden, the request is not limited in time, and the request calls for publicly available documents equally available to Plaintiff or already in Plaintiff's custody or control. Dell objects to this request for seeking "All Documents and Communications regarding" this topic, which is inherently overbroad and would include privileged attorney-client communications. Dell objects to this request for seeking documents covered by or subject to the attorney–client privilege, and/or the work product doctrine. Dell further objects to this request because the request is not calculated to lead to admissible evidence and seeks discovery that is not proportional to needs of case. In particular, Dell is not a party and no Dell products or services are accused of infringement in this lawsuit. Any documents concerning Finjan that are relevant to Finjan's allegations against SonicWall are in the possession of SonicWall and should be provided by SonicWall. On the basis of the foregoing objections, Dell will not search for or produce documents in response to this request.

**REQUEST NO. 15:**

All Documents and Communications regarding any indemnification agreements or hold overs related to this Action or Finjan's patents.

**RESPONSE TO REQUEST NO. 15:**

Dell objects to this request because it would subject Dell to an undue burden and the request is overbroad. With respect to burden, the request is not limited in time, and the request calls for publicly available documents equally available to Plaintiff or already in Plaintiff's custody or control. Dell objects to this request for seeking "All Documents and Communications regarding" this topic, which is inherently overbroad and would include privileged attorney-client

communications.  Dell objects to this request for seeking documents covered by or subject to the attorney–client privilege, and/or the work product doctrine.  Dell further objects to this request because the request is not calculated to lead to admissible evidence and seeks discovery that is not proportional to needs of case.  In particular, Dell is not a party and no Dell products or services are accused of infringement in this lawsuit.  Any documents concerning Finjan that are relevant to Finjan's allegations against SonicWall are in the possession of SonicWall and should be provided by SonicWall.  On the basis of the foregoing objections, Dell will not search for or produce documents in response to this request.

**REQUEST NO. 16:**

Documents sufficient to show any past or current corporate relationship between Dell and SonicWall.

**RESPONSE TO REQUEST NO. 16:**

Dell objects to this request because it would subject Dell to an undue burden and the request is overbroad.  With respect to burden, the request is not limited in time, and the request calls for publicly available documents equally available to Plaintiff or already in Plaintiff's custody or control.  Dell objects to this request for seeking "All Documents and Communications regarding" this topic, which is inherently overbroad and would include privileged attorney-client communications.  Dell objects to this request for seeking documents covered by or subject to the attorney–client privilege, and/or the work product doctrine.  Dell further objects to this request because the request is not calculated to lead to admissible evidence and seeks discovery that is not proportional to needs of case.  In particular, Dell is not a party and no Dell products or services are accused of infringement in this lawsuit.  Any documents concerning Finjan that are relevant to Finjan's allegations against SonicWall are in the possession of SonicWall and should be provided

by SonicWall.  On the basis of the foregoing objections, Dell will not search for or produce documents in response to this request.

**REQUEST NO. 17:**

Documents sufficient to show any past or current corporate relationship between Dell and Quest.

**RESPONSE TO REQUEST NO. 17:**

Dell objects to this request because it would subject Dell to an undue burden.  Dell further objects to this request because the request is not calculated to lead to admissible evidence and seeks discovery that is not proportional to needs of case.  To the best of Dell's understanding, Quest is not a party to the lawsuit involving Finjan and SonicWall, and Quest bears no relation to the same.  On the basis of the foregoing objections, Dell will not search for or produce documents in response to this request.

Dated: March 27, 2020

Respectfully submitted,

*/s/ Roger Fulghum*
Roger Fulghum
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, Texas 77002
Telephone: (713) 229-1707
Facsimile: (713) 229-2707
Email: roger.fulghum@bakerbotts.com

Mark Speegle
BAKER BOTTS L.L.P.
98 San Jacinto Boulevard
Suite 1500
Austin, Texas 78701
Telephone: (512) 322-2536
Facsimile: (512) 322-3636
Email: mark.speegle@bakerbotts.com

Attorneys for Third Party Dell Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record are being served this 27th day of March 2020, by regular mail and e-mail at the addresses indicated below:

<table>
<tr><td>

Paul J. Andre
Aakash B. Jeriwala
Austin W. Manes
Daniel David Williams
Hannah Yunkyung Lee
James R. Hannah
Kristopher Benjamin Kastens
Lisa Kobialka
Melissa Theresa Giorgi Brenner
Kramer Levin Naftalis & Frankel LLP
990 Marsh Road
Menlo Park, CA  94025
pandre@kramerlevin.com
ajariwala@kramerlevin.com
amanes@kramerlevin.com
ddwilliams@kramerlevin.com
hlee@kramerlevin.com
jhannah@kramerlevin.com
kkastens@kramerlevin.com
lkobialka@kramerlevin.com
mbrenner@kramerlevin.com

</td><td>

<u>VIA ELECTRONIC MAIL</u>

</td></tr>
<tr><td>

Aaron M. Frankel
Julian J. Pymento
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036
afrankel@kramerlevin.com
jpymento@kramerlevin.com

</td><td>

<u>VIA ELECTRONIC MAIL</u>

</td></tr>
<tr><td>

Colby Brian Springer
Margaux Azurin Savee
Polsinelli LLP
Three Embarcadero Center, Suite 2400
San Francisco, CA  94111
cspringer@polsinelli.com
msavee@polsinelli.com

</td><td>

<u>VIA ELECTRONIC MAIL</u>

</td></tr>
</table>

David Carl Dotson
Jennifer Hellmund Forte
Matthew C Gaudent
Robin L. McGrath
John Robert Gibson
Alice Egan Snedeker
Duane Morris LLP
1075 Peachtree Street, N.E.
Suite 2000
Atlanta, GA 30309-3448
dcdotson@duanemorris.com
jhforte@duanemorris.com
mcgaudet@duanemorris.com
rlmcgrath@duanemorris.com
aesnedeker@duanemorris.com
jrgibson@duanemorris.com

VIA ELECTRONIC MAIL

Jarrad Michaelis Gunther
Joseph Andrew Powers
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
jmgunther@duanemorris.com
japowers@duanemorris.com

VIA ELECTRONIC MAIL

Daniel Todd McCloskey
Daryl Stuart Bartow
Nicole Grigg
Duane Morris LLP
2475 Hanover Street
Palo Alto, CA  94304-1194
dtmccloskey@duanemorris.com
dsbartow@duanemorris.com
negrigg@duanemorris.com

VIA ELECTRONIC MAIL

Patrick Shaw Salceda
Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
psalceda@duanemorris.com

VIA ELECTRONIC MAIL

Robyn Ast-Gmoser                                        <u>VIA ELECTRONIC MAIL</u>
Polsinelli, PC
100 S. Fourth Street, Suite 1000
Saint Louis, MO 63102
<u>rastgmoser@polsinelli.com</u>

Ronald Marc Daignault                                   <u>VIA ELECTRONIC MAIL</u>
Polsinelli PC
600 Third Avenue, 42nd Floor
New York, NY 10016
<u>rdaignault@polsinelli.com</u>

                                   <u>*/s/ Roger Fulghum*</u>
                                   Roger Fulghum