UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **FINJAN, INC., a Delaware Corporation,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL NO. 1:20-CV-0652-RP** |
| **SONICWALL, INC, a Delaware** | § | |
| **Corporation,** | § | |
| | § | |
| *Defendant* | § | |

**O R D E R**

Before the Court is Plaintiff's Expedited Opposed Motion to Compel Nonparty Dell, Inc. to

Comply with Document and Deposition Subpoenas, field June 22, 2020 (Dkt. 1); Nonparty Dell,

Inc.'s Opposition to Plaintiff's Motion to Compel, filed June 29, 2020 (Dkt. 18); and Plaintiff's

Reply in Support of the Motion to Compel, filed June 30, 2020 (Dkt. 23). On June 23, 2020, the

District Court referred the above motion and related filings to the undersigned Magistrate Judge

for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and

Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western

District of Texas.

**I.      Standard of Review**

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery "regarding

any nonprivileged matter that is relevant to any party's claim or defense and proportional to the

needs of the case." Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem.

Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks

admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'"

*Id.* (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004). Information

within the scope of discovery need not be admissible in evidence to be discoverable. FED. R. CIV. P. 26(b)(1).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003) (quoting *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)).

## II.      Analysis

On August 4, 2017, Finjan, Inc. filed the underlying patent infringement action in the Northern District of California, alleging that SonicWall, Inc. had sold products that infringed several of its patents ("Accused Products"). *See* Dkt. 1-3, *Finjan v. SonicWall*, No. 5:17-cv-04467-BLF (N.D. Cal. Aug. 4, 2017) ("Underlying Lawsuit"). Finjan alleges that it first notified SonicWall regarding the infringing patents when SonicWall was a subsidiary of Nonparty Dell, Inc. Dell purchased SonicWall in May 2012 and sold it in November 2016. Fact discovery in the Underlying Lawsuit is scheduled to close July 31, 2020.

In March 2020, Finjan—allegedly after exhausting attempts to obtain the discovery from SonicWall—served Dell with a subpoena for documents and testimony seeking information on revenue for the Accused Products, knowledge of Finjan and Finjan's patents, Dell's acquisition and subsequent sale of SonicWall, and the corporate relationship between Dell and SonicWall. Dkts. 1-1, 1-2. Dell objected that the discovery was overbroad, irrelevant, and not proportional to the Underlying Lawsuit.

On June 22, 2020, Finjan filed the Motion to Compel, pursuant to Federal Rules of Civil Procedure 37 and 45, seeking an order compelling Dell to respond to the discovery. Dell continues to assert its objections. Both parties request attorney's fees and costs.

The Court conducted a hearing on the Motion to Compel on July 1, 2020, and heard oral argument from counsel for Finjan, SonicWall, and Dell. In its Reply and supporting Declaration of Hannah Lee, Finjan stated that counsel for it and Dell met and conferred on June 26, 2020, and Finjan narrowed its requests to the following information: (1) revenues, profits, and forecasts/projections of Accused Product revenues before, during, and after spinoff of Dell; (2) documents showing knowledge of Finjan; and for the foregoing, which databases/custodians were searched in an effort to identify the best documents. Dkts. 23 at 3-4, 23-1 ¶ 2. As stated on the record, the Court makes the following rulings as to these requests:

The Motion to Compel is **GRANTED IN PART AND DENIED IN PART**. The Court **GRANTS** the Motion to Compel as to Finjan's request for discovery on the forecasts/projections of Accused Product revenues during the pre-acquisition period to which Finjan agreed during the hearing, from January 1, 2011 through May 31, 2012, finding that such information may be relevant to Finjan's damages claims. Dell is **ORDERED** to produce responsive documents by **July 15, 2000**, and to identify which databases/custodians were searched to obtain such documents. The briefing and arguments establish that the remaining revenue and profit information Finjan seeks in Category 1 already has been provided to it by SonicWall.

The Court **DENIES** the Motion to Compel as to all other requests for discovery. With respect to Category 2, Finjan contends that Dell's knowledge of Finjan is relevant to "[t]he established profitability of the product made under the patent; its commercial success; and its current popularity." *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y.

1970) ("factor 8" of the relevant evidentiary facts used in determining the amount of a reasonable royalty for a patent license). Dkt. 23 at 4. The Court finds that Finjan has not established that Dell's knowledge of it is relevant to *Georgia-Pacific* factor 8. *Id*. This request therefore is denied.

The Court **FURTHER DENIES** Finjan's request for Dell to produce a witness for deposition *without prejudice to refiling* after receiving the requested discovery. The Court **FURTHER DENIES** both parties requests for attorney's fees and costs. All other relief expressly not granted herein is **DENIED**.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

**SIGNED** on July 2, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE